PHILLIPS, Respondent, vs. HUNNER, imp., Appellant.

*November 6 — November 29, 1901.*

*Appeal: Findings: Satisfaction of judgment.*

Findings of a referee upon which the trial court based an order denying a motion to have a judgment declared satisfied as to one of the defendants, are *held* to be sustained by the evidence.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge.  *Affirmed.*

This is a motion on the part of the appellant for an order declaring a certain judgment satisfied as against the appellant, and perpetually restraining the collection thereof.  It appears that the original judgment in this action was rendered in favor of the plaintiff and against the defendants *Hunner,* Gilman, and Moon, March 5, 1885, upon a promissory note given by the firm of Hunner, Gilman & Co. to the plaintiff, *Phillips,* March 1, 1883; that said judgment was not paid by any of the defendants, and that May 3, 1899, execution was issued thereon and levied upon certain property of the appellant, *Hunner.*  Thereupon *Hunner* made this motion, based upon an affidavit stating, in substance, that the judgment was one which, as between the defendants, was the debt of the defendant Moon, and that after the judgment was obtained an agreement was made between himself and the plaintiff by which the judgment was to be satisfied, as against the appellant, in consideration of the appellant's releasing the plaintiff from a certain agreement, the plaintiff at the same time paying to the appellant $200 in cash, and agreeing to assign to the appellant a one-half interest in the judgment and to collect said judgment from the defendant Moon.  Upon this affidavit, together with the affidavit of one Rowe, an order to show cause was issued by the court why the execution and the levy thereunder should not be set aside, and why the judgment should not be satisfied and discharged as against the defendant *Hunner.*  This motion was opposed by affidavits on the part of the plaintiff denying the statements made in the affidavits of *Hunner* and Rowe.  One McCaslin also made an affidavit in support of the statements of the defendant *Hunner,* which was used upon the hearing.

When the motion came on to be heard, the court declined to decide the same upon the affidavits, but referred two is-

sues to a referee for trial and determination. These issues were as follows:

"*First.* Was there, at or about the time the plaintiff, *Bentley S. Phillips,* sold and disposed of his interests in the firm of Phillips, Hunner & Moon, on or about February 17, 1883, any written agreement entered into by and between the said *Phillips* and the defendant *Hunner* to the effect that said *Phillips* should make good to the defendant *Hunner* one half of the loss which said defendant *Hunner* would suffer by reason of accounts which had theretofore been run, and which were a portion of the assets of said firm, proving uncollectible?

"*Second.* Was there any agreement made by and between the parties *Phillips* and *Hunner,* after the judgment was rendered, that *Hunner* should be discharged from all liability on said judgment, and that said judgment should be satisfied as to him."

The referee took a large amount of testimony upon both sides, and made a report answering both questions in the negative and against the appellant. Counter motions being made to confirm and to modify the report of the referee, the court made an order confirming the said report, with costs, and from this order *Hunner* appeals.

For the appellant there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

*W. F. Bailey,* for the respondent.


WINSLOW, J. The questions arising upon this appeal are purely questions of fact. The referee and the circuit court have decided those questions against the appellant upon what seems to be sufficient evidence. At least, it cannot be said that their findings are so clearly against the preponderance of the evidence as to justify this court in reversing them. This being the situation, no course is open to us except to affirm the order.

*By the Court.*— Order affirmed.